LIGON *v.* MILHOLLAND.

4-8999                                      224 S. W. 2d 825

Opinion delivered December 5, 1949.

232

*Osborne W. Garvin,* for appellant.

*Henry E. Spitzberg,* for appellee.

HOLT, J. Appellant, Howard C. Ligon, doing business as Ligon Brothers Concrete Products Company, is a manufacturer of concrete building blocks, in Arkadelphia.

Appellees, Texas A. Milholland and his wife, Joyce, own a lot in Little Rock on which a business building was erected.

Appellee, George W. Spruce, is a building contractor and individually contracted, in writing, with the Milhollands to erect the building on their lot for a consideration of $3,800, but failed to complete the construction and the work was taken over and completed by the owners, the Milhollands, at a cost far in excess of the contract price.

Arkansas Concrete Products Co., Inc., was a manufacturer of concrete building blocks and George W. Spruce its president.

The present action was instituted by appellant against appellees for $864.65 as balance due on the purchase price of concrete blocks used in the construction of the business building in question owned by appellees in the city of Little Rock, and asked that a lien be declared in favor of appellant on said property to secure **payment.**

Appellees denied that they owed appellant anything and specifically interposed the defense that appellant had executed a written waiver of any claim of lien, which would bar the action.

From a decree dismissing appellant's complaint for want of equity is this appeal.

During the progress of the construction of the building, the machinery of the Arkansas Concrete Products Co., Inc., broke down and Spruce, on behalf of the Arkansas Concrete Products Co., of which he was president, ordered the necessary blocks from appellant, in Arkadelphia, to be delivered to it at its plant in North Little Rock, but in compliance with Spruce's instructions, since the Milholland building was some four or five miles nearer appellant than the plant of the Arkansas Concrete Products Company, appellant made all deliveries to the site of the construction, and thereafter appellant billed the Arkansas Concrete Products Co., Inc., for the purchase price of all of said blocks.

When the Milhollands concluded that Spruce would not be able to complete the contract for the consideration of $3,800, they stopped the work. At that time it appears T. A. Milholland had paid Spruce $2,971.02 and had obligated himself to pay for building materials in the amount of $1,048.05, which he later paid. There were also a number of laborers who had not been paid their wages. It thus became certain that to complete the building would require the expenditure of a sum far in excess of the contract price agreed upon with Spruce. Mr. Milholland then, under his personal supervision, proceeded to complete the construction of the building at a cost, as indicated, greatly in excess of the contract price.

Before proceeding, however, to complete the building at his own expense, Milholland demanded of Spruce that he furnish him a list of all outstanding claims and that he must have waivers of liens from any material furnishers, or laborers, who had been satisfied, and to this end he furnished Spruce with waiver forms.

The evidence reflects that R. S. Ligon, appellant's brother, delivered the last load of building blocks which Spruce had ordered from appellant about April 16, 1948, and on this occasion signed the following instrument which Spruce presented to him: "WAIVER OF LIEN—We, the undersigned, who have furnished material or performed labor, or may hereafter furnish material or perform labor on the footing, foundation, and walls located on the following described property, to-wit: 2706 W. 11th St., Little Rock, Arkansas, do hereby waive our statutory lien which we may now have on said property or may hereafter have on said property by virtue thereof and agree to look to the contractor personally for the payment of our claim or claims. Material Furnished By: s / Ligon Bros. by R. S. Ligon."

On this same day, R. S. Ligon returned to appellant's plant in Arkadelphia and informed his brother that he had signed the waiver.

It further appears that Spruce notified appellee, Milholland, of the execution of the waiver of the lien by appellant and thereupon Milholland began the work of completing the building at a cost of nearly twice the sum for which Spruce had agreed to construct it.

Appellant, Howard Ligon, testified, in effect (quoting from appellant's abstract): "The next to the last or the last load, my brother, who was my truck driver, told me he had signed a release for Spruce on the representation that Spruce had to have the release signed to get his money on the job. I came to Little Rock to see Spruce and asked why he had my brother sign the release. Spruce told me Milholland told him he had to get it signed to get his money, that he would get paid in the next two or three days and would send me a check. Spruce gave me a check with the statement that he would have the money in the bank in two or three days. I agreed to hold the check and he in turn was to phone me to send it through. I didn't hear from Spruce and I kept calling him and he kept saying he was going to get his money any day and he never called me to send the checks through."

"My brother informed me that he had signed the waiver and delivered it to Spruce; I don't remember whether I told him he did or didn't have authority. I did not ask for the return of the waiver; if Spruce would make out the check I would be glad to hold it until he got the money to take it up. I didn't call Mr. Milholland and tell him the waiver was revocable and void and he should destroy it. . . . The checks were signed by George W. Spruce, President. Spruce told me that he had to get the release signed to get his money and that Milholland demanded the waiver before Spruce could get his money. . . . The reason I didn't demand the return of the waiver is because Spruce gave me the checks and assured me the money would be paid and that Milholland refused to pay Spruce until this waiver was executed. The waiver has been in my possession for several months."

It thus appears from appellant's own testimony that he did not demand that Spruce surrender the waiver, but instead demanded checks for the amounts due him by the Arkansas Concrete Products Co., Inc., and upon being informed by Spruce that he did not have sufficient money to pay, appellant demanded that the checks be made out and he would hold them until Spruce should direct him to present them for payment. In fact, Spruce gave him two checks, one in the sum of $115, and one in the sum of $864.65, the checks being signed: "Arkansas Concrete Products Company by George Spruce, President, and Lee Farris, Secretary."

Appellant knew that the waiver had been executed by his brother, as demanded by Milholland, and what it contained, and with this knowledge he went to Little Rock some days later, contacted Spruce knowing that his brother had delivered the waiver to Spruce and not denying his brother's authority to execute the waiver, or requesting its return, accepted the above checks to be paid in the future.

In the circumstances, we hold that the above waiver executed by appellant's brother was binding on appel-

lant and effectively waived whatever lien claim that appellant might have had on the property in question.

We conclude, therefore, that the preponderance of the evidence is not against the findings of the trial court, and accordingly, the decree is affirmed as to Texas A. Milholland and his wife, Joyce H. Milholland.

Appellant, however, contends that he is entitled to a personal judgment for the amount in question against the appellee, George W. Spruce. We agree with this contention.

While appellant does not in the prayer of his complaint specifically ask for judgment against George W. Spruce, he alleged in his complaint: "That he sold and delivered to the defendant, George W. Spruce, contractor for the defendants, Texas A. Milholland and Joyce H. Milholland, materials of the value of $864.65, between the 5th day of April, 1948, and the 16th day of April, 1948; an itemized account of said materials sold and delivered is attached thereto, made a part hereof and marked 'Exhibit A'; that said materials were furnished for and used in the construction of a building owned by the said defendants, Texas A. Milholland and Joyce H. Milholland, on the following property in Pulaski County, Arkansas, to-wit: (describing the property here involved)."

This allegation of facts was sufficient to warrant a personal judgment against George W. Spruce, in view of the testimony adduced, without any prayer at all, since it is the allegation of facts, in the body of the complaint, and not in the prayer for relief, which constitutes the cause of action.

The testimony here, which appears to have been fully developed, we hold, justified a judgment against Spruce.

In *Realty Investment Company* v. *Higgins,* 192 Ark. 423, 91 S. W. 2d 1030, this court said: "But it is the statement of facts, and not the prayer for relief which constitutes the cause of action; and the court may grant any relief which the pleaded facts warrant under a prayer

for general relief or without any prayer at all; but the courts will not suffer the plaintiff to take a decree that is not responsive to the issues nor justified by a full development of testimony. *Baldwin* v. *Brown,* 166 Ark. 1, 265 S. W. 976.''

So much, therefore, of the decree as denied appellant a judgment against George W. Spruce personally is reversed and the cause remanded with directions for further proceedings consistent with this opinion, in all other respects the decree is affirmed.